## George Archambau *vs.* George Green.

### May 14, 1875.

**Deed and Bond for Reconveyance held to be a Mortgage.**—Plaintiff conveyed certain lands to defendant by a deed absolute in form, and defendant made a bond of even date to plaintiff, the condition of which was that if the plaintiff should, within two years from the date of the bond, pay a mortgage to M. & B., or cause the same to be discharged of record, the defendant would recon-

vey the land to plaintiff. The mortgage to M. & B., which was executed July 18, 1857, was upon land conveyed by plaintiff to defendant, and the object of the transaction evidenced by the deed and bond was to indemnify defendant against such mortgage, *Held,* that such transaction was, in effect, a mortgage.

**Mortgage Extinguished by Lapse of Ten Years after it Became Due.**—The plaintiff has not paid the mortgage to M. & B., or caused the same to be discharged of record; but it is admitted, in substance, that ten years have elapsed since the mortgage and debt became due, that no proceedings at law or otherwise have been instituted to foreclose the mortgage, or to collect the debt, and that the effect of the running of the ten years upon the mortgage is in no way impaired by any other fact. *Held,* 1. That under the provisions of ch. 60, Laws 1870, and ch. 52, Laws 1871, the mortgage to M. & B. became barred, and in effect extinguished, by the lapse of ten years after the same became due.

**Same—Mortgage given as Indemnity against such Mortgage is thereby Satisfied.** —2. That the purpose of the mortgage from plaintiff to defendant evidenced by the deed and bond having been attained, though not in the particular mode contemplated by the parties, the plaintiff should be held to have substantially performed the contract on his part, and that he is therefore entitled to the reconveyance provided for in the bond.

Complaint that on July 18, 1857, plaintiff was owner in fee of the east half of the northeast quarter and the east half of the southeast quarter of section 20, in township 119, range 23, in Hennepin county; that on that day the plaintiff, to secure the payment of $165, executed and delivered to William K. Mehaffey and Bernard U. S. Black a mortgage upon all of said property, which was duly recorded, etc. That on June 13, 1867, plaintiff bargained and sold to the defendant the west half of the east half of the northeast quarter, and the west half of the east half of the southeast quarter of said section 20, and for the purpose of securing defendant against said mortgage, and to save him harmless therefrom, and not otherwise, the plaintiff included in his deed to defendant the whole of said 160 acres of land first above described, upon the condition, and with the express understanding and agreement, that the defendant should reconvey to the plaintiff the east half of the east half of the northeast quarter, and the east half of the east half of the southeast quarter of said section 20, as hereinafter more particularly mentioned; which said last-described deed was duly recorded, etc.; and that the title to all of the

said 160 acres of land is in the name of the defendant, as appears by the records of said Hennepin county. That on said June 13, 1867, for the purpose of consummating the sale of said described 80 acres of land to the defendant, as before stated, and of carrying out and completing said agreement, the defendant executed and delivered to plaintiff a bond bearing date on the day and year last aforesaid, in the penal sum of $500, whereby and wherein the defendant did covenant and agree that if the plaintiff should, within two years from said date, pay said described mortgage, or cause said mortgage to be discharged of record, and pay all taxes then due on said premises, the defendant would, by a good and sufficient deed, reconvey to the plaintiff said east half of the east half of the northeast quarter, and the east half of the east half of the southeast quarter of section 20 aforesaid; which said bond was duly recorded, etc.

That the plaintiff paid all the taxes due on said premises within two years after the execution of said bond, in accordance with the terms and conditions thereof. That more than ten years have elapsed since the debt secured by said mortgage became due and payable, and that no proceedings at law, or otherwise, have ever been instituted to foreclose said mortgage, or to collect the debt thereby secured; and that long before the commencement of this action said mortgage, and the debt thereby secured, became and still are barred by the laws of this state; and that said mortgage long since ceased to be a lien upon said premises, or any part thereof; and that long before the commencement of this action the said mortgage was, ever since has been, and still is, void and of no force and validity.

That before the commencement of this action, the plaintiff demanded of the defendant a reconveyance of the east half of the east half of the northeast quarter, and the east half of the east half of the southeast quarter of said section 20; but that defendant then refused, and ever since has refused and neglected, and still refuses and neglects to convey to the plaintiff the said property, or any part thereof, on the

ground and for the sole reason that the plaintiff had not paid off said mortgage, although the same was void and of no effect.

The demand of judgment is that the title in fee of and to the east half of the east half of the northeast quarter, and the east half of the east half of the southeast quarter, in section 20, etc., may be adjudged to be in the plaintiff, and that defendant be barred from claiming any interest in or title to said premises, or any part thereof, and for general relief.

A general demurrer to this complaint was sustained by the district court for Hennepin county, *Vanderburgh*, J., presiding, and the plaintiff appealed.

*Atwater & Babcock*, for appellant.

*Lochren, McNair & Gilfillan*, for respondent.

BERRY, J. As respects the east half of the east half of the northeast quarter, and the east half of the east half of the southeast quarter, of section 20, town 119, range 23, the transaction between plaintiff and defendant was in effect a mortgage, the purpose of which was to indemnify the defendant against the prior mortgage to Mehaffey & Black, of July 18, 1857. The evidence of the transaction was an absolute deed from plaintiff to defendant, and a bond of even date from defendant to plaintiff. The condition of the bond was that if the plaintiff should, within two years from the date of the bond, pay the mortgage to Mehaffey & Black, or cause the same to be discharged of record, the defendant would reconvey the afore-described premises to the plaintiff. The plaintiff does not claim to have paid the mortgage to Mehaffey & Black, or to have caused the same to be discharged of record. He, however, alleges in his complaint "that more than ten years have elapsed since the debt secured by said mortgage became due and payable, and that no proceedings at law or otherwise have ever been instituted to foreclose said mortgage, or to collect the debt thereby secured, and that, long before the commencement of this action, said mortgage, and the debt thereby secured, became.

and still are barred by the law of this state, and that said mortgage long since ceased to be a lien upon said premises, or any part thereof, and long before the commencement of this action said mortgage was, ever since has been, and still is void and of no force or validity."

Upon these allegations of the complaint, and upon the demurrer interposed by defendant, it is to be taken as admitted that ten years have elapsed since the mortgage and debt became due, that no proceedings at law or otherwise have been instituted to foreclose the mortgage, or to collect the debt thereby secured, and that the effect of the running of the ten years upon the mortgage is in no way impaired by any other fact. This brings us to enquire whether, by the lapse of the ten years, the mortgage has become barred, and, in effect, extinguished. The answer to this enquiry depends upon the construction and validity of ch. 60, Laws 1870, and ch. 52, Laws 1871. Ch. 60 provides that "Every action to foreclose a mortgage upon real estate shall be commenced within ten years after the cause of action accrues," the act to take effect in six months after its passage. Ch. 52 provides that "Every mortgage of real estate containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, within ten years after the maturity of such mortgage or the debt secured thereby, in the cases and in the manner hereinafter specified," the act to take effect in one year after its passage. As to ch. 60, we see no reason for doubting that it is effectual as an ordinary statute of limitations, according to its tenor, to bar an *action* to foreclose a mortgage. *King* v. *Meighen*, 20 Minn. 264. As to ch. 52, it must be taken as, by its terms, expressly limiting the right to foreclose by advertisement to the period of ten years after the maturity of the mortgage.

It is contended by the defendant that it was incompetent for the legislature to impose such limitation, as respects the mortgage in question, (to Mehaffey & Black,) because, at the time when it was executed, the rule of law gave the

right of foreclosure at any time within twenty years, and that this rule was by implication incorporated into, and made a part of, the contract of the parties to the mortgage, so that to permit ch. 52 to reduce the time of foreclosure to ten years, would be to impair the obligation of a contract. We do not agree to this. In our opinion, the limitation prescribed in ch. 52 is of the same kind as that prescribed in ch. 60, affecting the remedy only. It in no way impairs the contract rights of the parties, neither increasing nor diminishing the same, but simply prescribing the time within which those rights must be enforced. That it is competent for the legislature to enact and to change a statute of limitations applicable to judicial remedies, and to contracts already in force, is settled beyond question, and we are unable to conceive of any reason why it is not equally competent to enact or to change a rule of limitation applicable to the right to a remedy *in pais,* like that of foreclosure by advertisement.

It may be that when the period of limitation fixed at the time when the contract is executed, is, by the *express terms* of the contract, made a part thereof, it would not be competent for the legislature to change it; but this is a matter which we have no occasion to consider at this time. The distinction between the case of *Heyward* v. *Judd,* 4 Minn. 483, and the case at bar, is obvious.

As the only methods by which the mortgagee can enforce his rights under the mortgage are by foreclosure by action, or by advertisement, the effect of ch. 60 and ch. 52, is to deprive him of any right of foreclosure whatever, after the lapse of ten years from the maturity of the mortgage, unless this right may be in some way extended, as to the feasibility of which we need not enquire in this case. As it stands admitted upon the pleadings that there is nothing in this case to interrupt the running of ch. 60 and ch. 52, as statutes of limitation, it follows that the owners of the mortgage to Mehaffey & Black are wholly without remedy by which to enforce their mortgage. This denial of all remedy is prac-

tically an extinguishment of the mortgage. *Burwell* v. *Tullis*, 12 Minn. 572, 578.

The only other question necessary to be considered, is whether this extinguishment of the mortgage by limitation entitles the plaintiff to a reconveyance of the premises before mentioned. It is true that the plaintiff has not shown a literal compliance with the terms of his bond. But looking beyond the letter to the spirit of the transaction between plaintiff and defendant, and considering that its purpose was purely one of indemnity, and that indemnity has been attained, though not in the particular mode contemplated by the parties, we are of opinion that the plaintiff should be held to have substantially performed the contract on his part, and therefore to have entitled himself to the reconveyance for which he asks. To hold otherwise would be to sacrifice substance to form, and to uphold the defendant in his claim to the land, after the object for which it was mortgaged to him was substantially and fully accomplished, and his mortgage in effect completely satisfied. This would not be equity.

Order sustaining demurrer reversed.