MAY ALICE BANNING *vs.* JOHN A. SABIN.

October 7, 1889.

Judgment of Foreclosure—Defendant not Named in Caption.—A judgment of foreclosure, upon default, rendered against "the defendants," *held* to be a judgment only against the defendants named in the caption of the judgment, and not to affect a defendant in the action not thus named, or otherwise designated in the judgment; the plaintiff, in his affidavit of default and application for judgment, having alleged that the action had been dismissed as to that defendant.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried by *Brill*, J.

*H. J. Horn* and *Chas. N. Bell*, for appellant.

*Thompson & Taylor*, for respondent.

DICKINSON, J. · This is an action of ejectment, involving an issue of title to real estate.   In July, 1857, one C. C. Washburne purchased the property at an execution sale under a judgment against the owner, and, no redemption being made, the legal title became vested in Washburne, or in his assigns, Washburne having assigned to one Armstrong his certificate of purchase on or prior to July 20, 1858. The title thus acquired was, however, subject to a mortgage which had been previously executed by the judgment debtor, the former owner of the land, to one Hall.   By subsequent conveyances, the undivided half of the land purchased by Washburne was transferred to this plaintiff, who claims to have thus acquired, and now to have, that title.   The defendant claims title to the whole estate through a foreclosure of the Hall mortgage.   This appeal involves the question whether there was any foreclosure of the mortgage, effectual as to

Washburne, or his assigns or grantees.   The foreclosure was by action commenced by the mortgagee in the district court in November, 1857,—about four months after the sale to Washburne under the execution.   More than 50 persons were made defendants in the action, among whom was Washburne, who had placed his certificate of sale on record.   No appearance was made by any of the defendants except Washburne.   He appeared by his attorneys, Brisbin & Bigelow, but made no answer or other pleading in the action.   After this appearance in behalf of Washburne, a paper was filed,—which was afterwards attached to the judgment-roll,—the written part of which, following the printed title of the action, was as follows : "It is hereby stipulated by the respective attorneys in the above-entitled action that the plaintiff herein may discontinue said action as to said defendant C. C. Washburne, without costs to either party.   Dated this 30th day of June, 1859.   BRISBIN & BIGELOW, Attys. for Deft. C. C. Washburne."   This was indorsed by the clerk of the court as "Filed July 9th, 1859;" and beneath the clerk's signature to this indorsement is the signature, "SANFORD & BEVERIDGE, Attorneys for Plaintiff."   On the same (9th) day of July was filed the affidavit of David Sanford, one of the attorneys for the plaintiff in that action, (which appears in the judgment-roll,) stating that the summons had been served on all the defendants more than nine months prior to that time; that none of the defendants had appeared in the action except Washburne; "and that as to him said action has been discontinued, as per stipulation signed by his attorney and the attorneys of said plaintiff, which is on file in this cause."   In fact, no stipulation was ever made, discontinuing the action as to Washburne, except that above referred to; and there was no discontinuance, except as is here shown.   Thereupon the court, in accordance with the request of the plaintiff embodied in the affidavit, appointed a referee to compute the amount of the mortgage debt, who afterwards made his report to the court.   The title of the action in the order of reference, and in the report of the referee, is printed, and the name of Washburne there appears as one of the defendants.   Upon the report of the referee, judgment was entered in the decree book, wholly in writing.   The title as there appearing does not contain the name of Washburne.   The judgment is

.in the usual form of judgments in such cases, decreeing a sale of the mortgaged premises; the payment of the debt found due; and "that the defendants," (who are not named except in the title of the action with which the judgment commences,) and all persons claiming un- der them, "be forever barred and foreclosed of all rights, title, and interest, and equity of redemption" in the mortgaged premises sold. A copy or duplicate of this judgment, signed by the judge of the dis- trict court, was attached to the judgment-roll, wherein the title was printed, and a heavy ink line was drawn through the printed name of Washburne.   October 20, 1859, the land was sold by the referee, pur- suant to the judgment, to the mortgagee, Hall, to whom the referee ·executed a deed of conveyance.   In October, 1862, the referee made a report of the sale to the court, and an order of confirmation was made and filed.   In this report of sale, and in the order of confirma- tion, the title of the action was in printed form, containing the name ·of Washburne as one of the defendants.

Upon the facts above stated, the court found, as a conclusion of law, that Washburne and his grantees, including the plaintiff, who has succeeded to his interest, were bound by the judgment of fore- closure.   Upon this legal conclusion, judgment was directed in this action for the defendant.   The decision of this appeal turns upon the sole question of the correctness of that conclusion, and to this point alone our decision will be confined.

We have sought in vain for reasons which, in our opinion, would justify the legal conclusion of the court below.   We agree to the cor- rectness of its conclusion that the action was not in fact dismissed or discontinued as to Washburne.   Although the stipulation signed by his attorneys, indorsed by the plaintiff's attorneys, and filed in the office of the clerk of the court, would have authorized a dismissal by an entry in the clerk's register, as prescribed by statute, (Pub. St. 1858, *c.* 60, § 170,) that was not done.   But it does not follow that the judgment against "the defendants" merely is to be construed as being against Washburne, whose name was omitted from the title or caption with which the judgment commences.   Reading the judg- ment alone, without the light which the whole record may afford, it is more naturally construed as a judgment against the defendants

named in the caption, and only against them, rather than against all the defendants in the action, including Washburne, whose name nowhere appears in the judgment. But if there be an apparent uncertainty, from the reading of the judgment alone, as to whether the words "the defendants" were intended to designate all the defendants in the action, or only those who are named in the preceding caption, there can be no doubt when the judgment is read in the light afforded by the whole record, as presented in the judgment-roll. It is not contended that the judgment is so uncertain as to be not susceptible of legal construction; and we may resort to the record of the cause in which the judgment was rendered, as found in the judgment-roll, for light to disclose the proper construction to be put upon its language. When this is done, the judgment cannot be regarded as having been rendered against Washburne. The judgment must be deemed to have been the intelligent action of the court upon the case presented to it, and we seek to discover from the record the real intention of the court. The judgment was rendered upon the application of the plaintiff, showing the default of all the defendants excepting Washburne, and alleging that as to him the action had been discontinued, reference being made to the stipulation. Plaintiff, in his application to the court for judgment, evidently did not seek to have judgment rendered against Washburne. This was clearly disclaimed, and the court was so informed, in the affidavit above referred to. If the action had been effectually discontinued as to Washburne, as alleged in the affidavit upon which judgment was sought, no judgment could have been legally rendered against him; and, although there had been no effectual discontinuance or dismissal, no judgment could have been regularly entered against Washburne (he having appeared in the action) without notice, (Pub. St. 1858, c. 72, § 26,) and no notice appears to have been given. It is impossible to avoid the conclusion that when the court, considering the plaintiff's application for judgment, with proof by affidavit that the action had been discontinued as to Washburne, thereupon rendered judgment against "the defendants," under a caption omitting the name of Washburne, it was intended by the words "the defendants" to designate only the defendants named in the judgment, and not to

include Washburne. That this was so intended and understood at that time is further suggested from the fact that in the copy or duplicate of the judgment signed by the judge, and incorporated in the judgment-roll, the name of Washburne was erased from the printed title. The construction contended for by the respondent is not only opposed by the considerations above indicated, but would compel us to assume that the name of Washburne was accidentally or inadvertently omitted from the judgment, although all the other defendants were named in it, and hence that the judgment was not in terms as it was intended to be. To justify such a conclusion, the record should present very satisfactory reasons. An examination of the record in this case discloses a sufficient reason for the omission of Washburne's name, and shows why the judgment, which, according to its plainest construction, was not against him, was so rendered.

Judgment reversed, and a new trial granted.

NOTE. A motion for reargument of this case was denied October 24, 1889.