MAY ALICE BANNING *vs.* JOHN A. SABIN.

February 17, 1891.

45  431
51  133

Mortgage — Foreclosure by Action—Right of Redemption in Party as to whom the Action is Dismissed—Estoppel.—Action of ejectment. Defendant claims title under a sale pursuant to judgment in an action to foreclose a mortgage given to H. in 1853, the judgment and sale having been in 1859. The mortgagor conveyed the land to B. after the giving of the mortgage. A judgment was recovered against B., which became a lien upon the land junior to the mortgage. B. then conveyed an undivided half of the land to N., with covenants. The land was sold on execution to satisfy this judgment, July 16, 1857. W. became the purchaser. In an action to foreclose the mortgage all necessary parties were joined, including W. Four days before the expiration of the time to redeem from the execution sale, B. conveyed his other undivided half of the land to A. Within the succeeding eight days, but whether before or after the expiration of the time for redemption is not found, A. procured an assignment from W. of his sheriff's certificate of sale, and afterwards received the sheriff's deed. The plaintiff, through conveyance from A., claims title under the execution sale. It having been afterwards stipulated that the foreclosure action be discontinued as to W., judgment of foreclosure and sale was rendered as to the other defendants, but not as to W., as was decided on a former appeal. 41 Minn. 477. *Held:* 1. That the sale of the land, pursuant to the judgment in the foreclosure action, was *subject* to any right of redemption which W. may have had, and that he and those succeeding to his interest were not estopped by the sale from asserting such right.

Same—Effect of Assignment of Certificate of Execution Sale to one Tenant in Common.—From the facts stated it does not necessarily follow, as a legal conclusion, that the transaction involving the assignment from W. to A. should be construed as in legal effect a redemption from the execution sale, the facts not being found as to whether this was before or after the time for redemption had expired, nor whether the parties at that time intended such a result. The mere relation of tenancy in common between A. and N. would not enable strangers to them, those claiming under the prior mortgage, to insist that a peculiar legal effect shall be given to the transaction, contrary to the intention of the parties.

Same—Entry by Mortgagee after Expiration of Right to Foreclose. After the expiration of the time within which a mortgage may be en-

forced by foreclosure, the mere entering into possession by the mortgagee, without objection on the part of the mortgagor, does not restore the mortgage to efficacy, or entitle the mortgagee to the rights of a mortgagee in possession.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Brill, J.*

*Thompson & Taylor* and *Williams, Goodenow & Stanton*, for appellant.

*Henry J. Horn* and *C. N. Bell*, for respondent.

DICKINSON, J.[1] The case, as presented on a former appeal in this action, is reported in 41 Minn. 477, (43 N. W. Rep. 329.) Upon the new trial which followed our decision on that appeal the findings of the court were in favor of the plaintiff. After the denial of a motion for a new trial, judgment was entered in favor of the plaintiff for the recovery of the land which is the subject of the action, and declaring that the defendant had no estate, right, or lien in it. This is an appeal by the defendant from that judgment. A summary of the facts may be here stated :

In 1853, Fullerton, the owner of the land, mortgaged it to Hall to secure the payment of a debt of $1,000. The defendant's claim of title is through the foreclosure of this mortgage, which was by action commenced in *November, 1857*. The particular circumstances connected with the prosecution of that action to judgment and sale are set forth in our opinion on the former appeal, and need not be here repeated. In 1854 the title of Fullerton was conveyed by deed to Baker. In 1855 a judgment for the recovery of money was rendered and docketed against Baker. The plaintiff claims to have acquired title by a sale of the land on execution under this judgment, which sale was made *July 16, 1857*. On that execution sale Washburne became the purchaser. In 1856, after the docketing of the judgment against Baker, the latter conveyed an undivided half of the land to Nelson, and *July 12, 1858*, four days prior to the expiration of the period for redemption from the execution sale, Baker conveyed the other undivided half to Armstrong, who thus became a tenant in com-

[1] Vanderburgh, J., was absent on account of sickness, and took no part in this decision.

mon with Nelson in the ownership of the land, subject to the senior lien of the Hall mortgage, (the action to foreclose which was then pending,) and subject to the rights of Washburne as purchaser at the execution sale, the time to redeem from which was about to expire. All the persons whose joinder as parties was necessary to a complete foreclosure of the mortgage, including Baker, Nelson, and Washburne, were made parties when the action was commenced. Armstrong's interest in the property having been acquired during the pendency of the action, it was not necessary that he be made a party in order to render a foreclosure completely effectual. At some time between the time of the purchase by Armstrong of the undivided half of the property (July 12, 1858) and July 20, 1858, Washburne assigned to Armstrong the sheriff's certificate of execution sale. The court did not find any more particularly than is here stated as to the time of this assignment. On the day last named, the period for redemption from the execution sale having expired, the sheriff executed to Armstrong his official deed of conveyance. By subsequent mesne conveyances from Armstrong the plaintiff has acquired an undivided half of whatever title Armstrong may have had. The stipulation for a discontinuance of the foreclosure action, as to Washburne, was subsequent to the events just referred to. The judgment in the action was rendered in July, 1859, and the foreclosure sale thereunder was in October, 1859, the mortgagee Hall being the purchaser. There was no redemption, and whatever title Hall acquired to the land here in controversy, which is a part of the mortgaged premises, was conveyed to the defendant in 1878; and in May, 1879, he went into actual possession, and ever since has remained in possession. On the former appeal it was held that the judgment was not intended to be, and was not in form or in fact, a judgment against Washburne, foreclosing his right of redemption. The case as now presented does not differ from that upon which our former decision was rendered in any particular which can alter the conclusion as to the nature or effect of the judgment in the foreclosure action. While the circumstances now presented suggest, as a *reason* for the stipulation to discontinue as to Washburne, the probability that it was supposed that the transaction with Armstrong constituted a redemption from the execution

v.45m.—28

sale, that has no bearing upon the point as to whether the judgment was effectual as to Washburne or his assigns. Upon that point the views expressed in our former decision are referred to, but need not be here restated. Indeed, we do not understand that the correctness of the decision is here directly questioned.

1. It is strenuously urged by the appellant that Washburne and those claiming under him are estopped to deny that the effect of the sale pursuant to the judgment was to confer a complete title upon the purchaser, discharged of any right of redemption in Washburne or those in privity with him. It is said, in support of this proposition, that the failure to enter judgment against Washburne was an irregularity; that the court had jurisdiction, Washburne being a party, and, the judgment and sale not being void, the delay, so long continued, to call in question its validity, precludes its being done now. This is fallacious, and proceeds upon an erroneous assumption as to the scope and legal effect of the judgment and of the sale thereunder. There was no adjudication as to Washburne. While he was a party to the action, the judgment was of no more effect to foreclose his right to redeem than it would have been if the judgment had declared and determined the rights of the other defendants, but had in express terms *excepted* Washburne from its operation. It left unadjudicated whatever rights he may have had as really as though the action had been formally dismissed as to him before judgment, or as though he had never been joined as a party. The judgment and sale were nevertheless effectual to foreclose the right of redemption of the other defendants, and to transfer the title to the purchaser, subject to the right of redemption still remaining in Washburne or his assigns, if that was not in any other manner terminated. *Martin* v. *Fridley*, 23 Minn. 13; 2 Jones, Mortg. § 1395. It is hardly necessary to say that the sale in accordance with the judgment is referable to the judgment, and is to be deemed to have been a sale of the land subject to and not free from any lien or right of redemption remaining in Washburne or his assigns. As the judgment was not a judgment against him, and as the sale was subject to his rights, whatever they may have been, the doctrine of estoppel has no application. Washburne and his successors are

surely not estopped by the judgment and sale to claim that the proper legal effect shall be ascribed to them.

2. It is contended by the appellant that the payment by Armstrong to Washburne, and the assignment by the latter to the former, must be deemed to have been, in legal effect, a *redemption* from the execution sale, and therefore that the execution sale did not ripen into a title in Armstrong, under whom the plaintiff claims; but at this point the appellant is confronted with the obstacle that the facts as found by the court do not necessarily lead to this conclusion. The transaction was not in form, nor in necessary legal effect, without regard to the intention of the parties, a redemption; and the court does not find either that it occurred during the time when a redemption might be made or that the parties participating intended thereby to redeem. If, in fact, the payment by Armstrong to Washburne and the assignment of his sheriff's certificate by the latter were not until after the time to redeem had expired, then by that event the title of Washburne had become absolute, subject only to the Hall mortgage, and that of both Nelson and Armstrong had been divested. If the relation of tenancy in common between Armstrong and Nelson had been extinguished without the fault of the former, no considerations of duty, as between persons standing in that relation, could forbid him from acquiring by purchase from Washburne any title which the latter may have had. But, even if those parties did stand in that relation at the time of the payment to and assignment by Armstrong, we do not see how that alone could avail the defendant or Hall, under whom he claims, if, in fact, the transaction was intended as a purchase from Washburne, and not as a redemption. Nelson might demand that it be treated as a redemption as to him, inuring to the benefit of his estate as well as to the benefit of his cotenant, even though in fact it were intended as a purchase, and were such in form. But at least only those whose rights, legal or equitable, would be prejudiced by allowing a transaction to have its proper legal effect can insist that a different effect shall be given to it, contrary to the intention of the parties. Hall and those succeeding to his interest or estate do not stand in a relation of privity with Nelson. They have not acquired any title or rights from him; and, if Armstrong dealt

with the property in a manner which might have prejudiced Nelson's estate, that alone would not justify them in demanding that a different legal effect be ascribed to his conduct than it properly bears, contrary to the intention of the immediate parties to it. What might be the result if it were found that the payment by Armstrong to Washburne and the assignment by the latter took place before the expiration of the time for redemption, and that the intention at that time was to effect a redemption, we do not determine; for such facts are not found, and it is not for us, in the exercise of appellate jurisdiction, to determine the facts of the case from the evidence, the trial court not having done so. It may be that, if such were the case, the effect should be given to the transaction which the parties at that time intended, especially in view of some circumstances in the case which we think may affect the determination of that question. At least it seems to us that these facts are important to the determination of the rights of these parties. As it seems probable that, though this judgment be affirmed, another trial may follow, as a statutory right, —this being an action of ejectment,—and that these questions may again be presented for consideration, and as the learned judge who tried this cause seems to have considered that, in the absence of direct evidence as to the time of the transaction between Armstrong and Washburne, the case did not enable him to decide whether it was before or after the expiration of the time for redemption, we will say that we think that the circumstances shown in the case did justify an explicit finding upon that point, although the evidence is meagre, as it might be expected to be after the lapse of more than 30 years, and when it has become impossible to obtain the testimony of the parties whose conduct is in question. But, for the reasons above briefly stated, it does not legally follow from the facts as found that the conclusion of the court and the judgment thereon were erroneous.

3. The appellant's third point is that the court erred in the conclusion that the defendant is not entitled to the rights of a mortgagee in possession. This conclusion was predicated upon the fact that the defendant did not go into possession until May, 1879, prior to which time the land was unoccupied. This was long after the right to foreclose the mortgage had become barred by lapse of time, the

effect of which was to extinguish the mortgage as to Washburne, if his rights had not been foreclosed or otherwise extinguished. *Archambau* v. *Green,* 21 Minn. 520; *Benton* v. *Nicoll,* 24 Minn. 221. The mere fact of the subsequent entry into possession and occupancy by the defendant, with the knowledge of the plaintiff and her grantors, was not effectual to revive the extinguished mortgage so as to entitle the defendant to the rights of a mortgagee in possession.

It is suggested that the action to foreclose the mortgage was never in fact discontinued as to Washburne, and hence that the right to foreclose was not barred as to him and those succeeding to his interests, when in 1879 the defendant went into possession. The majority of the court are of the opinion that, though the action was not formally dismissed as to Washburne, it was understood by the parties and by the court as having been dismissed, and that the neglect to make the proper entry thereof should not be deemed to have affected the rights of the parties; that it should be treated as substantially a dismissal. It would follow that the time in which the mortgage might be foreclosed as to Washburne was not extended beyond the period prescribed by statute, and the defendant has not upon this ground the rights of a mortgagee in possession.

Judgment affirmed.