CITY NATIONAL BANK OF DENVER *vs.* JOHN H. HAGER *et al.*

Argued Dec. 13, 1892.　Decided Dec. 23, 1892.

**Judgment Interpreted by Reference to the Record in the Action.**

Where, in an action against several defendants, judgment is rendered against the "*defendants*," the court will look into the entire record, and if it is apparent that the judgment was intended to be against only a part of the defendants it will be so construed.

Appeal by plaintiff, the City National Bank of Denver, from an order of the District Court of Ramsey County, *Brill, J.*, made July 9, 1892, denying its motion for a new trial.

William H. Hager, John H. Hager, Frederick D. Hager and C. D. Gurley, composed the firm of Hager, Sons & Co. At Denver, Colorado, on February 18, 1876, the partners made and delivered to plaintiff bank the promissory note of the firm, whereby they promised to pay the bank, ninety days thereafter, $5,232.50, with interest at one and a half per cent. a month from maturity until paid. On October 30, 1876, the bank commenced an action at Hagerstown in Washington county, Maryland, in the Circuit Court of that state, upon this note against all the members of the firm, but service of process was made on William H. Hager only; the others could not be found. Judgment was entered February 23, 1877, in that court in favor of the bank and against William H. Hager only, for $5,953.

On November 4, 1879, the bank commenced another action at Jefferson in Greene county, Iowa, in the District Court of that state, upon this Maryland judgment as one cause of action, and upon the note for another cause of action against all the members of the firm, and process was served on William H. Hager, John H. Hager and

Frederick D. Hager, three of the defendants, but C. D. Gurley was not found. Attached to the complaint was a certified copy of the Maryland judgment roll. McDuffie & Howard appeared in the Iowa court for all the defendants, and by answer admitted the making of the note and that judgment was obtained in Maryland against Wm. H. Hager, and alleged that the Maryland action was still pending against John H. Hager, Frederick D. Hager and C. D. Gurley, and that that action was a bar to this action as against them. They further alleged that when the note was discounted they left with the bank as security for its payment divers bills, notes and claims on which the bank had realized since obtaining the Maryland judgment, sufficient money to pay the note in full. On November 29, 1881, judgment was entered in the Iowa District Court as follows:

"*The City National Bank of Denver* vs. *William H. Hager, John H. Hager, Frederick D. Hager* and *C. D. Gurley.* Judgment on transcript from Maryland for amount of transcript with ten per cent. from date of same less certain credits noted in margin. And now, to-wit, this 29th day of November, A. D. 1881, came the plaintiff, by his attorney G. S. Toliver, McDuffie & Howard withdrawing appearance for defendant Wm. H. Hager, and the said defendant, although solemnly called, came not but made default; whereupon it is considered by the court that the said plaintiff ought to recover by reason of the premises; that the amount due on the transcript judgment heretofore filed with plaintiff's petition sued on herein, which by order of the court is assessed by the clerk, and found to be the sum of eight thousand forty-nine and 83-100 dollars, ($8,049.83,) with ten per cent. interest per annum from this date. It is therefore considered by the court that the said plaintiff have and recover of the said defendants the said sum of eight thousand forty-nine and 83-100 dollars and the costs herein expended and taxed at $9.75, and that execution issue thereon. Signed at the end of day's proceedings. *J. R. Reed,* Judge."

On August 27, 1888, the bank commenced an action in the District Court of Ramsey county against John H. Hager, Frederick D. Hager and C. D. Gurley upon this Iowa judgment, alleging that William H. Hager had departed this life since its rendition. The

defendants by their answer admitted that judgment was rendered in Iowa against William H. Hager upon the record from Maryland, but denied that any judgment had been rendered against them in the Iowa court or elsewhere.

This issue was tried April 20, 1892, before the court without a jury. Findings were made that the Iowa judgment was rendered against Wm. H. Hager only, and directing the action to be dismissed on the merits. The bank moved for a new trial; being denied, it appeals.

*John D. O'Brien* and *William George,* for appellant.

While a judgment must designate the party in whose favor, and the party against whom it is given, with such certainty that the proper officer may know for whom, and against whose property to issue execution, it is not necessary that the names of the parties should be stated in the body of the judgment. Whenever the judgment entry is not clear and perfect on its face, it should be interpreted in the light of the pleadings and of the entire record. The judgment roll as understood in the American practice, must be looked to, and not merely a fragment; and if from the whole, the date and amount, the parties between and against whom the judgment is given and the court in which it was rendered appear, the judgment is not defective. *Flack* v. *Andrews,* 86 Ala. 395; *Fowler* v. *Doyle,* 16 Iowa, 534; *Carr* v. *Anderson,* 24 Miss. 188; *In re Boyd,* 4 Saw. 270; *Little* v. *Birdwell,* 27 Texas, 688; *Burnham* v. *Webster,* 1 Wood. & M. 172; *Collins* v. *Hyslop,* 11 Ala. 508; *Lane* v. *Salter,* 51 N Y. 1; *Banning* v. *Sabin,* 41 Minn. 477; *Ford* v. *Tilden,* 7 La. An. 533.

*Kueffner & Fauntleroy* and *Davis, Kellogg & Severance,* for respondents.

This action could not be maintained against Wm. H. Hager on the judgment and the other defendants on the note. They were separate and distinct instruments, each creating a separate liability. Under the code and decisions of Iowa and under our own law, no action could be maintained against the defendants jointly. *Griffin*

v. *County of Grundy*, 10 Iowa, 226; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9; *LaFrance* v. *Krayer*, 42 Iowa, 143; *Banning* v. *Sabin*, 41 Minn. 477; *Barnes* v. *Michigan Air-Line Ry. Co.*, 54 Mich. 243; *Taylor* v. *Taylor*, 64 Ind. 356; *Clarke* v. *Finnell*, 16 B. Mon. 329; *Neal* v. *Singleton*, 26 Ark. 491; *Winchester* v. *Beardin*, 10 Hump. 247; *Hubbard* v. *Dubois*, 37 Vt. 94; *Finnagan* v. *Manchester*, 12 Iowa, 522; *Lamar* v. *Williams*, 39 Miss. 345; *Malaney* v. *Hughes*, 50 N. J. Law, 546; *Holcomb* v. *Tift*, 54 Mich. 647.

The Iowa judgment is only against William H. Hager upon the transcript from Maryland. The other defendants had answered setting up their defense. Wm. H. Hager had no defense, and the use of the word "*defendants*" is to be construed with reference to the record and the other recitals in the judgment, and not taken in its literal meaning. If we figure the amount due on the note it would be over $11,000, yet the judgment was rendered for the amount due on the Maryland judgment less the credits.

MITCHELL, J. This was an action on a judgment rendered in Iowa, and the only question is whether the judgment was against the respondents or only against one William H. Hager, their co-defendant in that action. The Iowa record discloses, to say the least of it, a very remarkable practice. It shows that plaintiff brought that action against William H. Hager, these two respondents, and one Gurley, upon a promissory note executed by all four, and also upon a judgment recovered in Maryland against William H. Hager alone upon the same note. Judgment by default was first entered against William H. Hager alone for the amount due on the Maryland judgment, which, by reason of the difference in rates of interest, was much less than the amount due on the note. This default judgment was afterwards vacated, and the defendants given time to answer. Thereupon all of the defendants, appearing by the same attorneys, answered, admitting the execution of the note, and the rendition of judgment in Maryland against William H. Hager; the defendants, other than William H. Hager, further pleading the pendency of a former action on the note in Maryland, also that the note had been paid.

Aside from an amendment of this answer, bearing upon the issue of payment of the note, the next thing that occurred was the rendition and entry of the judgment here sued on. It will be observed that in the Iowa action the complaint, or "petition," as it is there called, stated one cause of action (the Maryland judgment) against William H. Hager alone, and another cause of action (the note) against all the defendants; also that in the answer William H. Hager virtually admitted the cause of action against him on the judgment, while the other defendants interposed defenses to the note, which is the only cause of action set up against them. Coming now to the judgment, we find that, while the names of all the defendants appear in the title, this is followed by the words, "Judgment on transcript from Maryland." Then, after reciting that plaintiff appeared by its attorneys, and that his attorneys withdrew their appearance for *William H. Hager*, who, although called, came not, but made default, it proceeds: "*Whereupon* it is considered by the court that the plaintiff ought to recover by reason of the premises the amount due *on the transcript judgment* * * * sued on, which, by order of the court, is assessed by the clerk, and found to be the sum of," etc. "It is therefore considered by the court that said plaintiff have and recover of the said *defendants* the said sum of," etc., (amount of the Maryland judgment.)

The defendants other than William H. Hager never withdrew their answer, and there is nothing in the record indicating that the issues between them and the plaintiff have ever been tried or disposed of. The memorandum of the judge on the court calendar, "Trial for the court," is no part of the record, and cannot be considered; and, even if it could, it might, in view of Iowa Code § 2870, have reference merely to determining the default of William H. Hager. In view of these facts, and upon consideration of the entire record, we are of opinion that the fair construction is that the adjudication was predicated solely on the default of William H. Hager, and that the judgment was intended to be against him alone, and for the amount of the Maryland judgment. If the word "defendants" had not been used in the latter part of the judgment, there would have been no reasonable doubt of this. But when there are several defendants,

the use of the plural is not necessarily conclusive. In such cases the court will look into the entire record, and if it is apparent that the judgment was intended to be against one of them only it will be so held. Black, Judgm. § 116; *Banning* v. *Sabin*, 41 Minn. 477, (43 N. W. Rep. 329.) At any rate, this record is too indefinite and uncertain to furnish that positive and conclusive bar against the other defendants which is created by a judgment. *Hubbard* v. *Dubois*, 37 Vt. 94.

We have not referred to the denial by the Iowa court of respondents' application, made after the commencement of the present action, to correct the record in that court, as this could have no effect, one way or the other, upon the judgment.

Order affirmed.

(Opinion published 53 N. W. Rep. 867.)