JAMES A. MORFORD v. JOHN B. WELLS.

No. 13,364. (74 Pac. 615.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Question of Mortgagee in Possession.* A tenant of mortgaged land obtained a tax deed on the same, and thereafter denied the title of the mortgagor, his landlord. While in possession under the tax deed he bought the mortgage on the property and the note secured by it, but not until after the right of recovery on the note and an action to foreclose the mortgage had been barred by the statute of limitations. The tax deed conveyed no title. *Held,* that the purchaser of the mortgage was not entitled to the rights of a mortgagee in possession.

Error from Kiowa district court; E. H. MADISON, judge. Opinion filed December 12, 1903. Affirmed.

*E. A. Fisher,* and *E. B. Brumback,* for plaintiff in error.

*L. M. Day,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: John B. Wells was the owner of 160 acres of land. In September, 1887, he borrowed from William F. Leonard $850 and gave his note for the amount, payable October 1, 1892. At the same time

Morford v. Wells.

he executed a mortgage to Leonard, in which his wife joined, to secure the debt.   None of the principal of the note was paid.   Wells and wife resided on the land until the spring of 1894, when they removed therefrom and left one Goodin, a tenant, in possession, whose term expired in March, 1895. . Wells then leased the land to the plaintiff in error, Morford, for the term of one year.   The latter took possession and has resided thereon continuously ever since.   The land was sold for the taxes of 1892 and bid in by the county.   Morford obtained an assignment from the county of the tax certificate and in September, 1896, a tax deed was issued to him, which was recorded October 19 of that year.   Morford paid rent to Wells for the year 1895 but none afterward, refusing to do so on the ground that he had procured a tax deed on the land.   While occupying the property, on November 3, 1899, in order to protect his right to possession of the premises, he bought the Leonard note and mortgage and the same were assigned to him.   Soon after he informed Wells of such purchase.

On April 18, 1901, this action of ejectment was brought by Wells against Morford.   The latter in his answer, in addition to a general denial, set up the Leonard mortgage owned by him as an equitable defense, and also that he had paid taxes to the amount of $250.   In his reply plaintiff below alleged that the five years' statute of limitations had run against a cause of action on the Leonard note and mortgage before Morford bought them.   The court made findings of which the above facts are the substance.   The tax deed on the land was conceded to convey no title.   There was judgment entered in favor of Wells, the plaintiff below, for the recovery of the land and for $515 rents and profits.   Morford complains.

The principal contention of counsel for plaintiff in error is that their client was a mortgagee in possession and entitled to hold the land against the mortgagor, plaintiff below, until the mortgage debt was paid. The case of *Kelso v. Norton*, 65 Kan. 778, 70 Pac. 896, is relied on. The facts in the present controversy are materially different from those on which the decision in *Kelso v. Norton* was based. Here the defendant below repudiated his tenancy, refused to pay rent, and informed his landlord (Wells) that he did so because he had a tax title to the land. He testified that he bought the Leonard note and mortgage for the purpose of fortifying and protecting his right to possession under the tax deed on which he relied. His right to hold the land against Wells was primarily based on the tax deed, and the mortgage which he bought was a mere incident thereto. He did not go into possession pursuant to any rights derived under the mortgage, nor did he hold the land under the same after he denied his landlord's title, but asserted, when rent was demanded, that he held adversely to Wells under the tax deed.

Again, the purchase by Morford of the Leonard note and mortgage was made more than two years after an action on the note or suit to foreclose the mortgage had been barred by the statute of limitations. In *Kelso v. Norton*, supra, the right of the mortgagee in possession to foreclose was barred at the time the ejectment action to recover the land was begun by the mortgagors, but not at the time the mortgagee went into possession. There are strong equitable reasons for protecting a mortgagee in his occupancy of land until the mortgage debt is paid when he has gone into possession of it peaceably, after condition broken, while the mortgage is a lien. (*Stouffer v. Harlan*, post, 74 Pac. 610.)

Morford v. Wells.

The rights of one who has bought a mortgage after the time to foreclose it has gone by, and who asserts a claim to the encumbered land thereunder, based on possession derived through such mortgage, do not merit much equitable consideration. The exact question involved was decided in *Banning v. Sabin*, 45 Minn. 431, 436, 48 N. W. 8. The court said :

"The appellant's third point is that the court erred in the conclusion that the defendant is not entitled to the rights of a mortgagee in possession. This conclusion was predicated upon the fact that the defendant did not go into possession until May, 1879, prior to which time the land was unoccupied. This was long after the right to foreclose the mortgage had become barred by lapse of time, the effect of which was to extinguish the mortgage as to Washburn, if his rights had not been foreclosed or otherwise extinguished. *Archambau v. Green*, 21 Minn. 520 ; *Benton v. Nicoll*, 24 Minn. 221. The mere fact of the subsequent entry into possession and occupancy by the defendant, with the knowledge of the plaintiff and her grantors, was not effectual to revive the extinguished mortgage so as to entitle the defendant to the rights of a mortgagee in possession."

In *Benton v. Nicoll*, cited in the above quotation, the last paragraph of the syllabus reads :

"When right of entry has never been asserted, or exercised, it is too late to assert it, for the first time, after the right of foreclosure has become barred by the statute."

When Morford purchased the note and mortgage their vitality had gone ; the mortgage was no lien on the land. In *Schmucker v. Sibert*, 18 Kan. 104, 111, 26 Am. Rep. 76, Mr. Justice Brewer, speaking for the court, said :

"When the note is barred, the mortgage is also barred, and no subsequent payment, promise or acknowledgment can revive the mortgage as to property

which the mortgagor has prior thereto conveyed to a third party. Whenever the mortgage is barred, the property is free from the lien. It is, as respects the mortgage, as though the latter had never existed."

The amount of the judgment for rents and profits seems to have been calculated from the value of the crops testified to by defendant below. The admission of incompetent testimony given by other witnesses in respect to such rents and profits is therefore immaterial.

The judgment of the court below will be affirmed.

All the Justices concurring.